## SUPREME COURT.

LUMAN WOODMANSEE and ABRAHAM GARSIDE agt. AMOS S. RODGERS.

*Attachment — vacating of, by subsequent attaching creditor — Code of Civil Procedure, section 682 — A mere levy not an actual application of attached property under this section — Insufficiency of affidavit to warrant attachment.*

A mere levy is not an actual application of the attached property to the payment of the judgment, under section 682 of the Code of Civil Procedure, so as to prevent a subsequent attaching creditor from applying to vacate the same as provided in this section.

*Special Term, December, 1879.*

ON the twentieth October last Luman Woodmansee and Abraham Garside, creditors of Amos S. Rodgers, obtained a warrant of attachment from judge DONOHUE, in the supreme court, against the property of the debtor on the following affidavit:

CITY AND COUNTY OF NEW YORK, *ss.:*

Abraham Garside, being duly sworn, deposes and says that he is one of the plaintiffs in the above entitled action, and a member of the firm of Woodmansee & Garside, doing business in the city and county of New York; that the above named defendant is indebted to deponent's firm in the sum of $793.39 for goods sold and delivered by deponent's firm to said defendant at divers times between the first day of June, 1879, and the last day of October, 1879, and that deponent's firm has commenced an action against said defendant · as appears by the summons hereto annexed. Deponent further says that on the 20th day of October, 1879, one Thomas R. Miller, doing business in the city of New York, and one of the creditors of the above named defendant, called on depo-

Woodmansee and Garside agt. Rodgers.

nent and informed deponent that the above named defendant was unable to pay deponent's firm in full, and offered deponent twenty-five cents on the dollar, and, at the same time, informed deponent that if deponent's firm would not accept said compromise that he (the said defendant) would make an assignment of all his property, and at the same time handed to deponent a composition agreement in accordance with the above proposition, to which was annexed the signature of said Miller; and deponent further says, that the said defendant is about to make an assignment with intent to defraud deponent's firm, and his other creditors, as deponent verily believes. Deponent further says, that the said defendant is indebted to deponent's firm in the amount as heretofore set forth over and above all counter-claims to this deponent known.

ABRAHAM GARSIDE.

Sworn to before me this 20th \
   day of October, 1879.   }

ELI M. COHEN,<br><i>Notary Public, N. Y. Co.</i>

The warrant was issued to the sheriff, who levied upon the property of the defendant thereunder; the plaintiffs subsequently obtained judgment in the action and issued execution thereon. In the meantime and before the entry of the judgment, Weil Brothers, also creditors of Rodgers, obtained an attachment against his property, and before the same had been sold by the sheriff, a motion was made in their behalf to vacate the attachment of Woodmansee & Garside, upon the affidavit upon which the same was granted. This motion was made under section 682 of the Code, and was argued before judge BRADY, who vacated the attachment of Woodmansee & Garside, rendering the following opinion:

*Otto Horwitz*, for plaintiffs.

*Blumensteil & Hirsch*, for Weil Brothers.

BRADY, *J.*— The attachment granted in this action cannot be sustained. The affidavit is deficient in facts to warrant it, and the motion made by the subsequent attaching creditor to vacate it must be granted. The Code, section 682, provides for such a proceeding by a person acquiring a lien upon the attached property at any time before the actual application of the attached property or the proceeds thereof to the payment of the judgment recovered in the action, and consequently a levy under an execution is not sufficient to defeat it. A levy is not an actual application of the property to the payment of the judgment. Before there can be an application, such as is contemplated, there must be a sale under the levy where the property seized is not money or its equivalent in fact, such as a bond of the United States or other security having a fixed monetary value. Actual means real, not formal, and involves a finality. For these reasons the motion is granted, but without costs.